Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner and in an executed Pre-Trial Agreement as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employer-employee relationship existed between the defendant and the plaintiff at all relevant times herein.
3. Defendant was an approved self-insured with Key Risk Management Services acting as its administrator at all relevant times herein.
4. Plaintiff's average weekly wages are to be determined from a Form 22 Wage Chart provided by defendant.
5. Plaintiff sustained a compensable injury to his right eye by accident on July 21, 1997, which arose out of and in the course and scope of his employment with defendant.
6. The issue to be determined is whether plaintiff is entitled to any further workers' compensation benefits beyond those already paid by defendant?
***********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was a twenty-four year old man at the time of the hearing before the Deputy Commissioner. At the time of his injury plaintiff had been employed by defendant for one and a half years, installing insulation in commercial buildings.
2. While plaintiff was installing a nitrogen based amino-classed resin with a catalyst foam under 40 p.s.i. of pressure, the hose became clogged. When the hose became unclogged, the foam gushed out into plaintiff's face and right eye.
3. Plaintiff's injury was reported to his supervisor and he was seen and treated by Dr. Robert Vogle in Roanoke, Virginia. Dr. Vogle diagnosed plaintiff's condition as acute conjunctivitis, and he restricted plaintiff to light duty.
4. Thereafter, plaintiff was seen and treated by Southeastern Eye Center in Hickory and then transferred to Graystone Ophthalmology in Hickory.
5. Plaintiff was taken out of work from July 24, 1997 through August 18, 1997, at which time he was released to return to light duty.
6. Plaintiff was released to return to full duty without restrictions on or about September 9, 1997.
7. Following his release to return to full duty plaintiff continued to complain of problems associated with his right eye, but his treating physicians could not find any basis for his complaints. They continued to treat his subjective complaints with medication. As of August 21, 1997, plaintiff had 20/20 vision in his right eye and his injury was not causing any impairment to his vision. Plaintiff's subjective complaints continued, however.
8. Plaintiff was terminated by defendant on September 29, 1997 for excessive and unexcused absences. Defendant indicated that plaintiff had missed 32 days, but according to the documents that the parties stipulated into evidence, plaintiff missed 20 days following his release to return to work through September 28, 1997, and on some of those days plaintiff was taken out of work by his treating physicians. However, plaintiff did miss an excessive number of days from work without medical excuses from his doctor in violation of defendant's policy; therefore, his termination from his job was not related to his compensable injury.
9. Plaintiff's average weekly wages at the time of his compensable injury by accident were $488.32, yielding a compensation rate of $325.56 per week.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant on July 21, 1997, for which he is entitled to receive workers' compensation benefits. N.C. Gen. Stat. § 97-2.
2. Plaintiff is entitled to receive temporary total disability benefits from July 25, 1997 through August 18, 1997. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to receive medical benefits for so long as they continue to effect a cure, give relief and/or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-2(19).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability benefits at the rate of $325.56 per week from July 25, 1997 through August 18, 1997. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the lump sum amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. Defendant shall pay the costs of this action.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER